CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 29 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EARNEST ROBERT BAXTER, | ) | Criminal Case No. 7:09cr00046 |
| | ) | |
| Petitioner, | ) | |
| | ) | **2255 MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | By: Samuel G. Wilson |
| Respondent. | ) | United States District Judge |

Petitioner Earnest Robert Baxter, proceeding *pro se*, brings this motion pursuant to 28 U.S.C. § 2255, claiming that his counsel rendered ineffective assistance by advising Baxter that certain records necessary to prove that he was an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") were unavailable. Baxter says that he pled guilty based on that advice. The court finds, based on Baxter's plea agreement, plea colloquy, and the documents he submitted in support of his motion, that though he may not have expected the court to classify him as an armed career criminal and sentence him accordingly, he understood it was a possibility. The court therefore finds that Baxter's counsel did not render ineffective assistance and denies Baxter's motion.

## I.

On August 20, 2009, a federal grand jury returned a three-count indictment against Baxter, charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c); and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). When the indictment issued, Baxter had five prior felony convictions, three of which qualified as predicate offenses under the ACCA.

In the course of investigating Baxter's status as an armed career criminal prior to his guilty plea, Baxter's counsel requested the criminal conviction records for one of Baxter's qualifying convictions, a 1976 burglary conviction in the City of Roanoke, Virginia. A Deputy Clerk of Court for the City of Roanoke reviewed archived records and informed Baxter's counsel that she could not find the indictment for that conviction. She did not permit counsel to search. According to Baxter, counsel advised him that without the state court indictment, the government would not be able to prove his status as an armed career criminal (a status that carried a sentence of fifteen years to life) and that his likely sentence would be something closer to forty-six months. On October 1, 2009, Baxter pled guilty, pursuant to a written plea agreement with the United States, to Count 1 of the indictment.

The plea agreement Baxter signed stated: "I understand if the Court determines I have at least three prior convictions for serious drug offenses and/or violent felonies I will face a mandatory minimum sentence of imprisonment for a term of fifteen years and a maximum sentence of imprisonment for life, pursuant to 18 U.S.C. § 924(e)." (Plea Agreement 1, ECF No. 52-1.) The agreement preserved Baxter's "right to appeal a determination that [he was] an Armed Career Criminal under 18 U.S.C. § 924(e), (Plea Agreement 8, ECF No. 52-1), but also explained that if his sentence was more severe than expected, he would "have no right to withdraw [his] guilty plea," (id. at 11).

During Baxter's guilty plea hearing, the court questioned Baxter extensively about his plea and included questions aimed directly at Baxter's status as an armed career criminal:

> THE COURT: Has anyone made any offer or different promise or assurance to you of any kind in an effort to induce you to enter a plea of guilty in this case?
>
> THE DEFENDANT: No, sir.
>
> . . . .

2

THE COURT: The maximum possible penalty provided by law for this offense is imprisonment up to ten years, a period of supervised release, and a mandatory special assessment of $100.

Now, the maximum period of incarceration increases and there's a mandatory minimum if you have at least three prior convictions for serious drug offenses and/or violent felonies. It increases if you have those qualifying offenses, then . . . there is a mandatory minimum of 15 years and up to life imprisonment.

Do you understand that?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: Do you understand that the Court will not be able to determine whether or not you face this enhanced penalty, that is, up to life imprisonment and a mandatory minimum of 15 years, until a presentence report has been completed and the Court has determined whether or not you have those three qualifying convictions? And if you have them, then you will be facing a minimum of 15 up to life.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: . . . . [D]o you understand that you're waiving your right to appeal any issues or to appeal a sentence within the guideline range on the ground that your sentence is unreasonable, with one exception, in the event the Court determines that you face this higher penalty, that is, if the Court determines that you have the three prior convictions for serious drug offenses and/or violent felonies, you have preserved that right, and that right alone, to appeal? Do you understand?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: Do you understand that if the sentence is more severe than you expected, or if I do not accept any sentencing recommendation in your plea agreement, you would still be bound by your plea and have no right to withdraw it?

THE DEFENDANT: Yes, sir.

3

(Guilty Plea Tr. 5–10, ECF No. 52-3.) Following the plea colloquy, Baxter heard a summary of the evidence[1] against him, indicated that he did not disagree with any of it, and pled guilty. The court scheduled Baxter's sentencing for January 11, 2010.

A probation officer began preparing Baxter's presentence report, and a different Deputy Clerk for the City of Roanoke assisted the probation officer by performing a records search. That Deputy Clerk, however, uncovered the 1976 indictment. In light of the presentence report and the 1976 indictment,[2] the court found by published memorandum opinion that Baxter had three qualifying convictions under the ACCA. See United States v. Baxter, 677 F. Supp. 2d 918 (W.D. Va. 2010). The court sentenced Baxter to the mandatory minimum period of incarceration (180 months), Baxter appealed the court's decision to sentence him under the ACCA, and the Fourth Circuit Court of Appeals affirmed by published decision. See United States v. Baxter, 642 F.3d 475 (4th Cir. 2011). Now, Baxter claims he pled guilty based on his counsel's predictions about the likelihood that the government would find the 1976 indictment.

---

[1] The United States summarized the evidence against Baxter as follows:

[T]he events that led to this indictment occurred on the 14th of July, 2009, in city of Roanoke, in the Western District of Virginia. On that day, the police conducted a search warrant on Mr. Baxter's residence here in the city, based on information from an informant about drug sales taking place there.

Immediately as they entered the back door, they saw Mr. Baxter in the doorway of another room right down the hall. Mr. Baxter tried to shut the door to the room he was in. This failed. The police went in and searched the room, which was Mr. Baxter's bedroom. They found 1.7 grams of crack cocaine, $403 in cash, scales, and under the mattress, they found a revolver with ammunition.

Mr. Baxter was advised of his rights under Miranda, claimed that the crack was his, said he was selling it to make money. He also claimed the firearm as being his, eventually.

This was indeed a firearm that had moved in interstate or foreign commerce, and Mr. Baxter is a convicted felon who has not received clemency. And this is Mr. Baxter.

(Guilty Plea Tr. 11–12, ECF No. 52-3.)

[2] The court also relied on the arrest warrant from that conviction, two state court orders (one following Baxter's guilty plea, and one following his sentencing), and his state presentence report. See United States v. Baxter, 677 F. Supp. 2d 918, 920–21 (W.D. Va. 2010).

4

## II.

Baxter, who waived his right to collaterally attack his plea and sentence, claims in his current motion that his counsel rendered ineffective assistance by misadvising him of his likely sentence. The court finds that although Baxter may have anticipated a lighter sentence, he understood that a sentence under the ACCA was a possibility and pled guilty with that in mind. Accordingly, the court finds no ineffective assistance of counsel and denies Baxter's motion.

Under the Sixth Amendment, the accused must have sufficiently competent assistance of counsel to ensure a fair trial. Strickland v. Washington, 466 U.S. 668, 685 (1984). To establish an ineffective assistance of counsel claim, Baxter must demonstrate both a deficient performance and a resulting prejudice. Id. at 687. To show deficient performance, Baxter must show that "counsel's representation fell below an objective standard of reasonableness," considering the circumstances as they existed at the time of the representation. Id. at 687–88. Baxter must overcome the strong presumption that his counsel's performance was within the range of competence demanded of attorneys defending criminal cases, and the court must defer to counsel's strategic decisions, thereby avoiding the distorted effect of hindsight. Id. at 688–89. Even if he shows that counsel's performance was deficient, Baxter is not entitled to habeas relief unless he satisfies the second Strickland prong by showing that counsel's errors "actually had an adverse effect on [his] defense." Id. at 693. At minimum, Baxter must demonstrate "a reasonable probability" that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694–95. "In the context of a guilty plea, the petitioner must demonstrate . . . 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). If it is clear that no

5

prejudice resulted from an alleged error, the court need not inquire whether the error amounts to deficient representation. <u>Strickland</u>, 466 U.S. at 697.

Here, Baxter acknowledged his understanding that if the court found he had three qualifying offenses under the ACCA, the court would sentence him between fifteen years and life. Though the record reveals that Baxter was hoping for, or even expecting, that the government would not find the requisite documents, he understood it was a possibility. (<u>See, e.g.</u>, Pet. Ex. B, ECF No. 46-3) (stating, in counsel's letter to Baxter sent after the resolution of his direct appeal, "This unfortunate occurrence hurt you on the issue but this was a risk that was known all along."). Moreover, Baxter understood that the determination could not be made until a presentence report had been prepared, and he acknowledged that he had no right to withdraw his plea if the sentence he received was more severe than he expected. It is difficult for Baxter to argue that he did not anticipate the possibility of an ACCA sentence after he was careful to preserve his right to right to appeal on the single issue of whether he was an armed career criminal. In light of the court's colloquy, the terms of the plea agreement, and the documents Baxter has submitted in support of his motion, the court discerns nothing suggesting that counsel performed deficiently or that there is a reasonable probability that, but for counsel's alleged unprofessional errors, Baxter would not have pled guilty but rather would have insisted on going to trial. <u>See</u> <u>Burket</u>, 208 F.3d at 189; <u>see also</u> <u>United States v. Lemaster</u>, 403 F.3d 216, 221–22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

Baxter cites <u>United States v. Akinsade</u>, 686 F.3d 248 (4th Cir. 2012) in support of his motion. In that case, the Fourth Circuit vacated a defendant's conviction because the defendant's attorney offered advice that was "clearly contrary to law," <u>id.</u> at 253, and the court's admonition during the plea colloquy fell short of correcting counsel's deficient advice, <u>id.</u> at 250. Here, by contrast, Baxter did not base his decision to plead guilty on patently incorrect legal advice, but on the mere possibility that his 1976 conviction would not be sufficiently documented for the court to sentence him under the ACCA. Accordingly, the court finds no merit in Baxter's motion and denies it.

## III.

For the foregoing reasons, the court denies Baxter's § 2255 motion.

**ENTER**: November 29, 2012.

_____
UNITED STATES DISTRICT JUDGE

7