CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 21 2017
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 7:09cr00046 |
| | ) | |
| EARNEST ROBERT BAXTER, | ) | By: Michael F. Urbanski |
| | ) | United States District Judge |
| Petitioner. | | |

## MEMORANDUM OPINION

Petitioner Earnest Robert Baxter brings this habeas corpus petition pursuant to 28 U.S.C. § 2255, arguing that his sentence under the Armed Career Criminal Act ("ACCA") is unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015). ECF No. 76. The government agrees. For the reasons set forth below, the court will **GRANT** Baxter's habeas petition and resentence him to time served, to be followed by a three-year term of supervised release, by agreement of the parties.

I.

Pursuant to a written plea agreement, Baxter entered a plea of guilty to Count One of the indictment in this case, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).[1] The court determined at sentencing that Baxter had three or more qualifying convictions under the ACCA and therefore was subject to 18 U.S.C. § 924(e)'s mandatory minimum sentence of 180 months, rather than the 120-month maximum

---

[1] In exchange for Baxter's plea of guilty to Count One, the government moved to dismiss Count Two, charging Baxter with possession with intent to distribute a measurable quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and Count Three, charging him with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

sentence otherwise authorized under § 924(a)(2).[2] The presentence report ("PSR") identifies three qualifying predicate convictions subjecting Baxter to the ACCA enhancement: a 1974 breaking and entering conviction in Culpeper County (paragraph 21 of the PSR), a 1976 statutory burglary conviction in Roanoke City (paragraph 22), and two 1980 robbery convictions (arising out of the same incident) in Roanoke County (paragraph 23). The court calculated Baxter's sentencing guideline range as 188 to 235 months, and, by judgment entered January 13, 2010, sentenced him to 180 months' incarceration followed by a term of supervised release of 4 years.

The issue raised in Baxter's § 2255 petition is whether, following the decisions of the United States Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 125 (2016), his ACCA enhancement remains lawful. The government moved to hold Baxter's case in abeyance pending a decision from the Fourth Circuit Court of Appeals in United States v. Winston, No. 16-6978, as to whether Virginia robbery qualifies as a violent felony under the ACCA's force clause. The court held a scheduling conference on August 25, 2016, at which both parties agreed that the case should be stayed pending Winston. The court entered an order to that effect on August 29, 2016.

The Fourth Circuit issued its opinion in Winston on March 13, 2017, holding Virginia robbery does not constitute a violent felony under the ACCA. 850 F.3d 677 (4th Cir. 2017).

---

[2] Baxter objected to the presentence report's assessment that he was an armed career criminal and thus subject to an enhanced sentence under § 924(e). Baxter specifically argued that his 1976 Roanoke City statutory burglary conviction was not a qualifying predicate offense under the ACCA. By Memorandum Opinion entered January 11, 2010, the sentencing judge overruled that objection, finding Baxter was subject to enhanced penalties under the ACCA. ECF No. 30. The Fourth Circuit Court of Appeals later affirmed that decision and Baxter's sentence by published opinion. See United States v. Baxter, 642 F.3d 475 (4th Cir. 2011). Baxter's subsequent attempt to collaterally attack his sentence failed. See Baxter v. United States, No. 7:09cr00046, 2012 WL 5986545 (Nov. 29, 2012). The district court's denial of this initial § 2255 petition was affirmed by the Fourth Circuit, 536 F. App'x 382 (2013), and Baxter's petition for writ of certiorari was denied, 134 S. Ct. 1505 (2014). The Fourth Circuit later granted Baxter authorization to file a successive § 2255 petition following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). ECF No. 75.

In light of this ruling, the government concedes that Baxter is entitled to relief. ECF No. 88. The parties have filed a joint statement regarding sentencing, in which they submit that Baxter should be resentenced to time served, to be followed by a three-year term of supervised release. ECF No. 89.

## II.

Under 28 U.S.C. § 2255, a federal inmate may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. Courts may afford relief where "the sentence was imposed in violation of the Constitution or the laws of the United States." Id. § 2255(a). If the court determines the sentence was unlawfully imposed, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. § 2255(b).

A convicted felon found guilty of possessing a firearm faces a maximum sentence of 120 months. 18 U.S.C. § 924(a)(2). However, the ACCA provides for a mandatory minimum sentence of 180 months when a defendant was previously convicted of at least three prior serious drug offenses or violent felonies. Id. § 924(e)(1). A violent felony is defined as:

> Any crime punishable by imprisonment for a term exceeding one year . . . that —
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another.~~

Id. § 924(e)(2)(B) (strikeout added).

3

In 2015, the Supreme Court invalidated the language stricken above after finding it void for vagueness. Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II").[3] Though often parsed into three clauses—the force clause, the enumerated clause, and the residual clause—§ 924(e)(2)(B) is comprised of two numbered subsections. See Begay v. United States, 553 U.S. 137, 142-44 (2008). Specifically, the first subsection states:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or ("Subsection (i)")

18 U.S.C. § 924(e)(2)(B). This first subsection is often referred to as the "force clause." The second subsection states:

> (ii) is burglary, arson, or extortion, involves use of explosives, ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another.~~ ("Subsection (ii)")

Id. Subsection (ii) lists several specific "enumerated offense" crimes—burglary, arson, extortion, and use of explosives—that amount to violent felonies. Subsection (ii) goes on to encompass any crime that "otherwise involves conduct that presents a serious potential risk of injury." This second portion of Subsection (ii)—the part of the statute deemed unconstitutional in Johnson II—is often called the "residual clause."

## III.

Paragraph 17 of the PSR identifies three Virginia convictions upon which Baxter's sentenced was enhanced under 18 U.S.C. § 924(e) – a 1974 breaking and entering conviction, a 1976 statutory burglary conviction, and two Virginia robbery convictions arising out of the

---

[3] The court refers to the 2015 Johnson decision as "Johnson II" to distinguish it from the Supreme Court's earlier decision in Johnson v. United States, 559 U.S. 133 (2010), concerning the force clause of § 924(e).

4

same incident in 1980. The Fourth Circuit Court of Appeals recently held in United States v. Winston, 850 F.3d 677 (4th Cir. 2017), that Virginia robbery does not qualify as a violent felony under the ACCA's force clause. This leaves only the residual clause of Subsection (ii) as a means by which Baxter's robbery conviction could qualify as an ACCA-enhancing violent felony. As the Supreme Court determined in Johnson II, the residual clause is unconstitutionally vague and no longer a proper basis for an ACCA-enhanced sentence.[4] Because Baxter's Virginia robbery convictions referenced in paragraph 23 of the PSR do not constitute a predicate offense under the ACCA, Baxter does not have the requisite number of qualifying convictions needed to invoke § 924(e)'s 180-month mandatory minimum.[5] Therefore, his sentence as to Count One is unlawful and his habeas petition will be **GRANTED**.

## IV.

Both Baxter and the government ask that Baxter be resentenced to a total period of incarceration of time served, followed by a term of supervised release of 3 years. ECF No. 89. The court calculates Baxter's guideline range as follows. The base offense level is 14 pursuant to United States Sentencing Guideline § 2K2.1(a)(6), as Baxter was a prohibited person at the time he committed the instant offense. The offense level is increased by four

---

[4] The holding of Johnson II was made retroactive in Welch v. United States, 136 S. Ct. 125 (2016).
[5] Baxter's only other potentially qualifying convictions are the 1974 Virginia breaking and entering conviction and the 1976 Virginia statutory burglary conviction referenced in paragraphs 21 and 22 of the PSR. These two convictions alone are not enough to trigger § 924(e)(1)'s enhancement; thus, in Baxter's case, the court need not reach the issue of whether these convictions are qualifying predicate offenses under the ACCA following the Supreme Court's decision in Johnson II. The court has recently held, however, that Virginia statutory burglary is not an ACCA predicate. See United States v. Bryant, No. 7:12cr00062, 2017 WL 635498 (W.D. Va. Feb. 15, 2017). While this holding is at odds with the Fourth Circuit's earlier decision in Baxter's case, in which it held his 1976 statutory burglary conviction is a qualifying predicate offense under the ACCA, 642 F.3d 475 (4th Cir. 2011), the court notes that this Fourth Circuit decision was issued prior to the Supreme Court's holdings in Johnson II and Mathis v. United States, 136 S. Ct. 2243 (2016). In any event, the Fourth Circuit's recent ruling in Winston makes clear that Baxter does not have the requisite number of qualifying convictions to invoke the enhanced penalty under § 924(e)(1).

5

levels under § 2K2.1(b)(6) because the firearm was possessed in connection with a felony drug trafficking offense.[6] The adjusted offense level is thus 18. Subtracting three points for acceptance of responsibility yields a total offense level of 15. Application of Baxter's criminal history category of V results in a guideline range of 37-46 months. The government represents on brief that as of April 5, 2017, Baxter had served 7 years, 7 months and 28 days. ECF No. 88. The parties agree that a sentence of time served is appropriate in this case, followed by a term of supervised release of 3 years. The court concurs.

## V.

Accordingly, the court will **GRANT** Baxter's 28 U.S.C. § 2255 motion (ECF No. 76) and resentence him to a total period of incarceration of time served, to be followed by a term of supervised release of three years. The court finds the sentence agreed to by the parties is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law.

Baxter has waived any right to be resentenced in person and has consented to being resentenced in his absence. See ECF No. 89. The parties state that there are no victims seeking to testify at a sentencing hearing and that they seek no changes to the terms and conditions of supervised release. Id. As such, the court will not hold a resentencing hearing.

---

[6] This specific offense characteristic appeared in the original PSR prepared prior to Baxter's 2010 sentencing, and there was no objection from either party. See ECF No. 35.

6

An appropriate Order and amended judgment will be entered.

Entered: 04-21-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge